[Cite as *State v. Walker* , 2018-Ohio-2642.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105434**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DAJHON WALKER**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-567946-C

**BEFORE:**   Jones, J., Stewart, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   July 5, 2018

**ATTORNEY FOR APPELLANT**

Timothy F. Sweeney
The 820 Building, Suite 430
820 West Superior Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Christopher D. Schroeder
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** Defendant-appellant DaJhon Walker ("Walker"), appeals from the sentences imposed at his resentencing hearing. For the reasons that follow, we affirm in part and reverse in part and modify his sentences as follows.

**{¶2}** In 2013, Walker and codefendants Otis Johnson and Derrell Shabazz ("Shabazz") were charged in a ten-count indictment with the aggravated murder of Antwon Shannon ("Shannon") (Count 1), murder of Shannon (Count 2), felonious assault of Shannon (Counts 3 – 5), felonious assault of Ivor Anderson ("Anderson") (Count 6), and felonious assault of Eunique Worley (Count 7). Shabazz and Walker were also charged with having a weapon while under disability (Count 10).[1] Walker was convicted of aggravated murder (Count 1), murder (Count 2), felonious assault of Shannon (Counts 3 – 5), felonious assault of Anderson (Count 6), and having a weapon while under disability (Count 10). **Initial Sentence**

**{¶3}** The court sentenced Walker to life in prison, with the possibility of parole after serving 20 years, on the aggravated murder charge (Count 1). The trial court merged the murder (Count 2) and felonious assault charges (Counts 3 – 5) with the aggravated murder for purposes of sentencing. The court also merged all the firearm specifications into one three-year specification to be served prior and consecutive to the aggravated murder. The court sentenced Walker to two years in prison on the remaining felonious assault charge (Count 6) and nine months in prison on having a weapon while under disability (Count 10). The court ordered that Counts 1 and 10 be served concurrently and Count 6 be served consecutively to Counts 1 and 10.

**Appeal and *Walker I***

**{¶4}** Walker appealed his convictions and this court vacated his conviction for aggravated

---

[1] Counts 8 and 9 did not apply to Walker.

murder finding it was not supported by sufficient evidence of prior calculation and design, but affirmed his other convictions and remanded the matter for resentencing. *State v. Walker*, 2014-Ohio-1827, 10 N.E.3d 200, ¶ 47 (8th Dist.) ("*Walker I*"). The state of Ohio appealed to the Ohio Supreme Court, which affirmed this court's decision to vacate the aggravated murder conviction. *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124. The Ohio Supreme Court remanded the case to the trial court for resentencing.

**Resentencing Hearing**

{¶5} The trial court held a resentencing hearing. At the hearing, the state elected to have the court proceed on Count 2, murder. The court sentenced Walker to 15 years to life for murder plus an additional three years for the firearm specification. The state stipulated that the felonious assaults counts (Counts 3, 4, and 5) merged into the murder (Count 2). The court further sentenced Walker to two years for felonious assault (Count 6) consecutive to Count 2, plus nine months for having a weapon while under disability (Count 10) concurrent to Count 2, for an aggregate sentence of 20 years to life in prison.

**Assignments of Error**

{¶6} Walker filed a notice of appeal, and raises the following assignments of error for our review:

> I. The trial court lacked jurisdiction to resentence Walker for the three-year gun specification and/or for the felonious assault of Anderson, and re-imposition of such sentence(s) violates double jeopardy's prohibition against multiple punishments, when Walker's sentence for one of those offenses had already been fully served.
>
> II. The trial court's imposition of consecutive sentences is contrary to law and
>
> violated Walker's rights to due process because it is not supported by the record.

**Court's Jurisdiction to Resentence**

{¶7} In the first assignment of error, Walker contends that the trial court lost jurisdiction to reimpose the firearm specification attendant to the murder conviction in Count 2 or the felonious assault conviction in Count 6 because he had already served his sentence on one of those counts at the time he was resentenced.

{¶8} Walker's codefendant, Shabazz, raised a similar argument on appeal from his resentencing hearing in *State v. Shabazz*, 2017-Ohio-2984, 91 N.E.3d 201 (8th Dist.) ("*Shabazz*"). Shabazz argued that the trial court lacked jurisdiction to order his four-year prison term at resentencing to be served consecutive to his two-year prison term for felonious assault against Anderson because he had completed the two-year prison term during the pendency of his direct appeal and prior to his resentencing. *Id.* at ¶ 8. This court found Shabazz's argument unpersuasive, however, because he had not challenged the imposition of consecutive sentences on direct appeal, the imposition of a consecutive sentence at Shabazz's resentencing hearing did not increase his aggregate sentence for the counts addressed, and the felonious assault charge pertaining to Shannon was being addressed for the first time at resentencing. *Id.* at ¶ 11.

{¶9} The state contends that this case is analogous to *Shabazz* because the trial court resentenced Walker to the mandatory 15 years to life for murder, and then merely incorporated the remainder of Walker's existing sentence into its sentencing journal entry. Therefore, the state proposes, because Walker was not resentenced on the firearm specification in Count 2 or the felonious assault in Count 6, it does not matter whether he had already served his sentences on those cases. But that is not what occurred in this case.

{¶10} As mentioned, in *Walker I*, this court vacated Walker's aggravated murder conviction, but affirmed his other convictions. The Ohio Supreme Court affirmed this court's holding and remanded the case to the trial court for resentencing. The transcript of the

resentencing hearing evidences that the trial court resentenced Walker not only on those convictions that were impacted by the vacation of his aggravated murder conviction, but also on his felonious assault conviction (Count 6) and having weapons while under disability conviction (Count 10).   This was done in error.

{¶11} "A remand for a new sentencing hearing generally anticipates a de novo sentencing hearing. R.C. 2929.19(A). However, a number of discretionary and mandatory limitations may apply to narrow the scope of a particular resentencing hearing."   *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15.  This court had the authority to vacate Walker's aggravated murder sentence, those sentences that were affected by the appealed error, and remand the matter for a new sentencing hearing.  *See id.*   But only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review.   *Id.*, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.

{¶12} In this case, Count 2, the murder of Shannon, and Counts 3, 4, and 5, the felonious assault of Shannon, were allied offenses and were necessarily impacted by vacation of Walker's aggravated murder conviction.   Therefore, the trial court appropriately reviewed Walker's sentences on Counts 2, 3, 4, and 5.   Counts 6 and 10, however, were not impacted by the appealed error.   They were not vacated by *Walker I* and they were not allied offenses.   Thus, Counts 6 and 10 were not subject to resentencing and the trial court erred in resentencing Walker on those counts.

{¶13} During the resentencing hearing, the trial court explained that although Walker's aggravated murder conviction was vacated, he had still been convicted of Count 2, murder, "[s]o the court can and will sentence you on that count *as well as the other counts and certainly some*

*of those will merge as well as they did previously*." (Emphasis added.)

**{¶14}** The state also erroneously requested the court to impose the same sentence it previously did on Counts 6 and 10:

> Prosecutor: And we would ask this court other than that to impose the same sentence that it did back then which would be two years on Count 6 the felonious assault against Mr. Ivor Anderson, consecutive to the underlying sentence for murder, which would bring the total sentence to 20 years to life and nine months on Count 10, having weapons while under disability, and we would ask this court to run that as it did in 2013 concurrent to the underlying sentence in Count 2 [murder] for a total sentence of 20 years to life. That would also carry mandatory three years of post-release control on Count 6.

**{¶15}** The court informed Walker of the possible penalties on Counts 6 and 10:

> Court: Just to make sure that you understand, Mr. Walker, Count 2, that was the murder conviction, murder is punishable by a term of imprisonment of an indefinite term of 15 years to life and a fine of up to $15,000. A felony of the second degree, which are the felonious assault counts, a felony of the second degree is punishable by a term of two to eight years in yearly increments and a fine of up to $15,000 and there is a mandatory term of post-release control of three years.
>
> A felony of the third degree, that's having weapons while under disability that the court found you guilty of is punishable by a prison term of nine, 12, 18, 24, 30 or 36 months, a fine of up $10,000 and post-release control is discretionary or optional for up to three years.

**{¶16}** The court proceeded to sentence Walker to 15 years to life for murder to be served consecutive to three years on the attendant firearm specification. As to the felonious assault conviction, the court stated:

> With regard to Count 6, and that's the felonious assault conviction associated with Mr. Ivor Anderson, again, that's a felony of the second degree. Previously I sentenced you to two years of imprisonment on that count. Having considered, and now again considering the purposes and principles of sentencing and the seriousness and recidivism factors relevant to the offense and offender pursuant to Revised Code Section 2929.12 and the need for deterrence, incapacitation,

rehabilitation and restitution. * * * [T]his court presided over the trial of the matter so is well aware of the facts and circumstances as they relate to * * * your conviction associated with the felonious assault upon Mr. Anderson with there being some physical harm to him and then of course presumption in favor of prison on that felony of the second degree.

{¶17} The court also resentenced Walker on his having weapons while under disability conviction, Count 10:

With regard to count 10 which was the having weapons while under disability, that's the felony of the third degree, and previously I sentenced you to nine months in prison on that. *I'm sentencing you to nine months in prison on that count today.*

(Emphasis added.)

{¶18} Finally, the court stated its reasons for imposing consecutive sentences on Walker and informed him of his postrelease control obligations.

{¶19} Ohio appellate courts have jurisdiction "to review and affirm, modify, or reverse final orders." Article IV, Section 3(B)(2), Ohio Constitution. Thus, because the trial court did not have the jurisdiction to resentence Walker on Counts 6 and 10, we vacate Walker's sentences on Counts 6 and 10 and reinstate his original sentences.

**Trial Court's Authority to Resentence on Firearm Specification**

{¶20} Because we vacate Walker's felonious assault sentence in Count 6 and reinstate his original sentence, we need not consider his argument vis-a-vis the expiration of his sentence. We will address, however, the legality of the trial court's resentencing Walker on the firearm specification attendant to Count 2, murder, because Walker was properly resentenced on that count.

{¶21} Walker's argument, like Shabazz's, is based on the Ohio Supreme Court's decision in *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, wherein the court held

that "[a] trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." Walker argues that we should extend the holding in *Holdcroft* to situations where, as here, a prison term is served during the pendency of a direct appeal and bar the imposition of consecutive sentencing as between that count and any other count at a resentencing that occurs after direct appeal.

{¶22} The *Shabazz* court noted that this type of argument has already been rejected by the Fifth Appellate District in *State v. Martin-Williams*, 5th Dist. Stark No. 2014CA00086, 2015-Ohio-780. In *Martin-Williams*, the appellant was sentenced to five consecutive sentences. On direct appeal, the appellant successfully argued that the trial court had failed to make the required consecutive sentencing findings prior to imposing consecutive sentences. The appellate court remanded for resentencing, and as of the date of Martin-Williams's resentencing, the first of her prison terms had been completed. The *Martin-Williams* court upheld the trial court's reimposition of consecutive sentences between the completed sentence and the remaining sentences and declined to extend *Holdcroft*. The court reasoned that *Holdcroft* involved the imposition of postrelease control, whereas *Martin-Williams* involved resentencing for the limited purpose of making the proper findings for consecutive sentences. *Id.* at ¶ 33-37. Thus, even though the appellant had already served one of her sentences, the court retained jurisdiction to resentence her on that count.

{¶23} Like *Shabazz*, the trial court in this case initially ordered Walker's offenses to be served consecutively and Walker did not challenge the imposition of consecutive sentences on direct appeal. Also similar to *Shabazz*, because the murder charge and its attendant firearm specification had previously been merged as an allied offense into the aggravated murder

conviction, the murder count and firearm specification were being addressed for the first time at resentencing. In *Shabazz,* this court noted:

Shabazz now seeks a windfall from the unique situation where a previously merged count for which he had been found guilty needed to be addressed for the first time at a resentencing that, due to the length of the appellate process, did not occur until his two-year prison term for the felonious assault of Anderson had been completed. We decline to extend the holding in *Holdcroft* to such a situation. We find that the consecutive sentencing decision under R.C. 2929.14(C)(4) is sufficiently independent from the individual sentencing concerns addressed in *Holdcroft* to distinguish the two situations.

*Shabazz* at ¶ 12.

**{¶24}** Unlike *Shabazz* and *Martin-Williams*, in this case, pursuant to R.C. 2929.14(C)(1)(a), a trial court must impose a prison term for a firearm specification consecutively to the prison term imposed for the underlying felony. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 21. Thus, Walker's prison term for the firearm specification must run consecutive to the underlying offense of murder — the consecutive nature of the firearm specification is not discretionary.

**{¶25}** We find further guidance in the recent decision by the Twelfth Appellate District in *State v. Ervin*, 12th Dist. Butler No. CA2017-06-084, 2018-Ohio-1359 ("*Ervin II*"). In that case, the appellant pleaded guilty to two counts of complicity to felonious assault. One count had a three-year firearm specification. The appellant was sentenced to three years in prison for the firearm specification and five years of community control sanctions for the underlying felonious assault charge. After the appellant was released from prison, she violated her

community control sanctions and the trial court sentenced her to 72 months in prison. The appellant appealed, and the appellate court reversed after concluding that the appellant's original community control sentence was void because the trial court lacked the statutory authority to order her to serve community control sanctions consecutive to the completion of her prison sentence. *Id.* at ¶ 5, citing *State v. Ervin*, 2017-Ohio-1491, 89 N.E.3d 1 (12th Dist.).

{¶26} The case was remanded and the appellant filed a motion to dismiss the felonious assault counts on the basis that the trial court lacked jurisdiction to impose a sentence on the two felonious assault convictions because she had already served her prison term on the firearm specification. The trial court denied her motion and resentenced her to a total of four years in prison.

{¶27} The appellant appealed again, this time arguing that, pursuant to *Holdcroft*, once her valid prison sanction for the firearm specification was served, the trial court lost jurisdiction to modify her sentence. *Ervin II* at ¶ 14.

{¶28} The Twelfth Appellate District disagreed, distinguishing *Holdcroft*, and reasoning as follows:

Ervin's sentence involved a valid, three-year prison sentence on a firearm specification that was served prior to the void sentences imposed on the underlying felony convictions for complicity to felonious assault. Unlike a postrelease-control term, a firearm specification requires a separate finding of guilt and the imposition of its own three-year prison sentence, which must be served "consecutively to and prior to any prison term imposed for the underlying felony" offense. This three-year prison term is separate from the sentence imposed on the underlying felony conviction. By statute, Ervin had to serve her

three-year sentence on the firearm specification before serving any remaining prison term for her felony convictions of complicity to felonious assault. We considered this in Ervin's prior appeal, found that she had properly served her specification sentence and specifically stated that our remand did not "disturb the conviction and sentence related to the gun specification for which Ervin has already served three years."

Ervin has not, however, served a lawful sentence on her convictions for complicity for felonious assault. Contrary to Ervin's arguments, there was no reasonable expectation of finality in her sentence after she completed her three-year prison term for the firearm specification. As the Ohio Supreme Court has recognized, "[w]here * * * the sentence imposed was unlawful and thus void, there can be no reasonable, legitimate expectation of the finality in it." Furthermore, double jeopardy does not attach to a void sentence, and the correction of a void sentence does not violate principles of double jeopardy.

When the trial court resentenced Ervin for complicity to felonious assault on May 22, 2017, it did not violate principles of double jeopardy. The effect of finding Ervin's original sentence on counts eleven and twelve void was that Ervin was placed back in the position she would have been in if no sentence had been imposed. The trial court retained jurisdiction to correct her sentence, and when it sentenced Ervin to concurrent four-year prison terms for her felony offenses, it was as if it was imposing punishment for those offenses for the first time.

(Citations omitted.)   *Ervin II* at ¶ 18 – 20.

{¶29} Although Walker is not challenging the court's jurisdiction to resentence him on the underlying felony of murder, as the appellant in *Ervin* did, we find the cases to be analogous. Walker's three-year prison term for the firearm specification is separate from the sentence imposed on the underlying felony conviction. By statute, Walker had to serve his three-year

sentence on the firearm specification before serving any remaining prison term for his felony conviction for murder.

{¶30} Walker has not yet served a lawful sentence on his murder conviction nor has he served a lawful sentence on the firearm specification attendant to the murder count. As in *Ervin*, when the trial court resentenced Walker for murder, it did not violate principles of double jeopardy. The effect of vacating Walker's original conviction for aggravated murder was that Walker was placed back in the position he would have been in if no sentence had been imposed. Thus, the trial court retained jurisdiction to resentence Walker on Counts 2 – 5. We further note that Walker has not been sentenced to a new three-year firearm specification that he will have to serve anew because the trial court gave him credit for time served.

{¶31} Based on the authorities we have cited, we decline to find that the trial court did not have the authority to resentence Walker on the firearm specification.

{¶32} The first assignment of error is sustained in part and overruled in part. Walker's sentences on Counts 6 and 10 are hereby reversed and his original sentences on those counts are reinstated.

{¶33} In the second assignment of error, Walker claims that the trial court's imposition of consecutive sentences is contrary to law and violated Walker's rights to due process because the sentence is not supported by the record. He argues that the record does not support running his conviction for the felonious assault of Anderson, Count 6, consecutive to Count 2. Since we vacated his sentence on Counts 6, however, and reimposed his original sentence on this count, we cannot now consider whether the trial court erred in running Count 6 consecutive to Count 2. If Walker wanted to challenge that consecutive nature of Count 6, he could have done so on

direct appeal.   He did not; therefore, his claim is barred by res judicata.[2]

**{¶34}** The second assignment of error is overruled.

**{¶35}** The sentence in Count 6, felonious assault of Anderson, and Count 10, having weapons while under disability, are hereby reversed and the original sentences are reimposed. The case is remanded to the trial court for issuance of a new   sentencing journal entry consistent with this opinion.

**{¶36}** Judgment affirmed in part; reversed in part.   Case remanded.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, P.J., CONCURS IN
JUDGMENT ONLY;
PATRICIA ANN BLACKMON, J., DISSENTS
WITH SEPARATE OPINION

PATRICIA ANN BLACKMON, J., DISSENTING:

**{¶37}** I respectfully dissent from the majority's opinion that the trial court erred in

---

[2]Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, other than a direct appeal from the judgment, any defense or lack of due process that was raised or could have been raised at the trial that resulted in the judgment of conviction, or on appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

resentencing Walker on Counts 6 and 10. Instead, I would find that the resentencing in this case is substantially similar to the resentencing of codefendant Shabbaz, which this court affirmed in *Shabazz II*. Walker's sentence for Counts 6 and 10 was affirmed on direct appeal; therefore, it stood intact and was incorporated into the resentencing journal entry. Accordingly, I would affirm the trial court's judgment.