[Cite as *Max, Inc. v. Mughal*, 2022-Ohio-3131.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MAX, INC., D.B.A. B&B MUSIC,  :

    Plaintiff-Appellant,  :

                                               No. 110961

    v.  :

EJAZ A. MUGHAL, ET AL.,  :

    Defendants-Appellees.  :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 8, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-936919

*Appearances:*

WALTER | HAVERFIELD LLP, Benjamin D. Carnahan,
and Ethan Clark, *for appellant*.

LISA B. FORBES, J.:

{¶ 1}   Appellant, Max, Inc., d.b.a. B&B Music ("Max, Inc.") appeals the trial court's journal entry denying its "motion for reconsideration and to correct judgment for [sic] nunc pro tunc, or in the alternative, vacation of the judgment" against appellee, Ejaz A. Mughal ("Mughal").  After reviewing the facts and the pertinent law, we affirm the judgment of the trial court.

## I.    Facts and Procedural History

{¶ 2}    Max, Inc. filed a complaint against Mughal and Prakash, Inc. stemming from a contractual relationship between the parties.  According to Max, Inc., Mughal was a shareholder of Prakash, Inc. and the owner of the property where Prakash, Inc. operated a convenience store.  Max, Inc. brought three causes of action: (1) alleging that Mughal and Prakash, Inc. breached a contract for Max, Inc. to provide ATM services, (2) alleging that Mughal breached a "Loan Note and Personal Guaranty" by failing to pay Max, Inc. $2,000, and (3) requesting injunctive relief against both defendants.

{¶ 3}    Mughal failed to plead or respond in any way to the complaint.  Max, Inc. moved for default judgment against Mughal "on its Complaint."    On December 24, 2020, the trial court granted Max, Inc.'s motion, ordering "default judgment be rendered in favor of the plaintiff and against the defendant Ejaz A. Mughal, in the amount of $2,000, plus attorney fees in the amount of $1,809.49, plus costs of this action."  The court further found that Max, Inc. had failed to serve the summons and complaint on Prakash, Inc. who was, after the entry of default judgment against Mughal, "the sole remaining defendant * * *."

{¶ 4}    Max, Inc. voluntarily dismissed Prakash, Inc. on May 14, 2021.  On the same day, Max, Inc. filed a motion for summary judgment against Mughal.

{¶ 5}    The trial court denied the motion for summary judgment as moot on July 1, 2021, finding Mughal "was no longer involved in this case after default judgment was granted against him on 12/24/2020.  Therefore, the motion for

summary judgment is denied as moot. As no defendants are left, this matter is hereby closed. Final."

**{¶ 6}** On September 13, 2021, Max, Inc. filed its "motion for reconsideration and to correct judgment for nunc pro tunc, or in the alternative, vacation of the judgment."[1] In the motion, Max, Inc. addressed the trial court's December 24, 2020 journal entry granting default judgment against Mughal, asking the court to "correct its [journal entry] to reflect judgment in its favor and against [Mughal] in the total amount of $39,585.33, plus $1,809.49 in attorneys' fees." In the alternative, Max, Inc. requested that the trial court "vacate its judgment against [Mughal] and reinstate the matter to the active docket." The trial court denied the motion on October 5, 2021. It is from that denial that Max, Inc. appeals.

## II. Law and Analysis

**{¶ 7}** On appeal, Max, Inc. raises the following assignments of error:

> The trial court abused its discretion and erred as a matter of law when it denied Max, Inc.'s motion for reconsideration pursuant to Civ.R. 60(A) to correct judgment amount against [Mughal] nunc pro tunc.

---

[1] While the motion is captioned as a motion for reconsideration, the substance of the motion requests relief under Civ.R. 60(A) and (B). It is well settled that "the substance of a motion, not the caption, * * * determines the nature of the motion." (Citations omitted.) *State v. Spencer*, 8th Dist. Cuyahoga No. 81035, 2003-Ohio-287, ¶ 6. Moreover, a motion for reconsideration following a final judgment is a legal nullity. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981). Accordingly, we review Max, Inc.'s September 13, 2021 motion as a motion for relief from judgment under Civ.R. 60. *See Ryan v. Huntington Trust*, 7th Dist. Mahoning No. 13 MA 29, 2015-Ohio-1881 ("[a] trial court may construe a motion for reconsideration as a motion for relief from judgment under Civ.R. 60(B)").

The trial court abused its discretion and erred as a matter of law when it denied Max, Inc.'s alternative request to vacate the default judgment against [Mughal] pursuant to Civ.R. 60(B).

## A. Civ.R. 60(A)

{¶ 8} We review a trial court's decision on a Civ.R. 60(A) motion for an abuse of discretion. *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996). Civ.R. 60(A) allows courts to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission" sua sponte or in response to a motion. It "does not, however, authorize a trial court to make substantive changes in judgments." (Citations omitted.) *Vo v. Gorski*, 2021-Ohio-1957, 175 N.E.3d 594, ¶ 35 (8th Dist.).

> "The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner."

*Karnes v. Karnes*, 8th Dist. Cuyahoga No. 94521, 2010-Ohio-4016, ¶ 36, quoting *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247, 564 N.E.2d 97 (12th Dist.1988).

{¶ 9} "A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth." *Scaglione v. Saridakis*, 8th Dist. Cuyahoga No. 91490, 2009-Ohio-4702, ¶ 9. "'The common law rule giving courts the power to enter nunc pro tunc orders has been codified by Civ.R. 60(A).'" *Karnes* at ¶ 34, quoting *Norris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 05AP762, 2006-Ohio-1750, ¶ 12.

{¶ 10} Here, Max, Inc. contends that correcting the amount awarded from $3,809.49 to $41,392.82 would not amount to a substantive change because "the trial court ha[d] repeatedly stated that default judgment was awarded on all claims" and, therefore, issuing the nunc pro tunc would have "'made the record reflect the truth[.]'" We disagree.

{¶ 11} Max, Inc.'s motion did not seek to correct a clerical error in the trial court's journal entry awarding default judgment. Rather, Max, Inc. sought a substantive change to the amount of damages awarded. In its December 24, 2020 journal entry, the trial court awarded Max, Inc. default judgment against Mughal and awarded $2,000 plus $1,809.49 in attorney fees. Nothing in the record indicates that the trial court actually awarded any other amounts. Under these circumstances, the trial court had no basis in the facts or the law to issue the requested nunc pro tunc entry. *See John Soliday Fin. Group, L.L.C. v. Robart*, 9th Dist. Summit No. 24407, 2009-Ohio-2459, ¶ 22 (finding that the trial court erred in issuing a nunc pro tunc entry increasing the damage award from $4,460.65 to $6,805.59 because the change was not based on a clerical mistake). Accordingly, the trial court did not err in denying Max, Inc.'s motion for relief under Civ.R. 60(A).

{¶ 12} Max, Inc.'s first assignment of error is overruled.

## B. Civ.R. 60(B)

{¶ 13} We review a trial court's ruling on a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Internatl. Total Servs. v. Estate of Nichols*, 8th Dist. Cuyahoga No. 107751, 2019-Ohio-4572, ¶ 6. To prevail on a

Civ.R. 60(B) motion for relief from judgment, the moving party must show that: 1) they have "a meritorious defense or claim to present if relief is granted"; 2) they are "entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5)"; and 3) "the motion is made within a reasonable time." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976). "If a movant fails to meet all three of the *GTE* requirements, the trial court should overrule a Civ.R. 60(B) motion." *Rhoades v. Ameritech Corp.*, 8th Dist. Cuyahoga No. 85954, 2005-Ohio-6631, ¶ 7.

{¶ 14} As to the first *GTE* prong, on appeal Max, Inc. argues that it "would certainly be able to bring a meritorious claim" because "Mughal has never contested that the ATM Agreement is a valid and binding contractual document between the parties, that he executed the ATM Agreement, or that he breached the ATM agreement * * *."

{¶ 15} As to the second prong of the *GTE* test, Max, Inc. argues that it is entitled to relief from judgment under Civ.R. 60(B)(1) and (5). Civ.R. 60(B)(1) states that "the court may relieve a party * * * from a final judgment" based on "mistake, inadvertence, surprise or excusable neglect * * *." Civ.R. 60(B)(5) provides that "the court may relieve a party * * * from a final judgment" for "any other reason justifying relief from the judgment." With regard to Civ.R. 60(B)(1), Max, Inc. argues "the trial court mistakenly and inadvertently did not award default judgment to [it] on all its claims against Mughal, and then mistakenly and as a surprise denied [its] Motion for Summary Judgment and Motion for Reconsideration," which it asserts the trial

court suggested it to file. Additionally, Max, Inc. claims it is entitled to relief from judgment under Civ.R. 60(B)(5) "because of the injustice that has occurred in the underlying proceedings * * *."

{¶ 16} As to the third prong, Max, Inc. argues its Civ.R. 60(B) motion was timely under the rule because it was filed two months after the trial court denied its motion for summary judgment as moot.

{¶ 17} This court has long held that a "motion for relief from judgment pursuant to Civ.R. 60(B) is not a substitute for a direct appeal." *Kolick & Kondzer v. Baumanis*, 8th Dist. Cuyahoga No. 93679, 2010-Ohio-2354, ¶ 23. "When a party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available as a substitute for appeal." *Guadalupe v. Minadeo*, 8th Dist. Cuyahoga No. 98077, 2012-Ohio-5071, ¶ 8.

{¶ 18} Here, in its Civ.R. 60(B) motion, Max, Inc. argued that it was not afforded relief under its breach-of-contract claim regarding the ATM contract. That is, when Max, Inc. was granted default judgment against Mughal, it was awarded $2,000 plus $1,809.49 attorney fees on December 24, 2020, which was the amount it sought in its complaint for breach of a "Loan Note and Personal Guaranty." On appeal of the denial of that Civ.R. 60(B) motion, Max, Inc. contends the trial court erred when it awarded Max, Inc. default judgment but "only awarded [it] the monetary amount requested in Count 2 of its Complaint."

{¶ 19} When the court issued its December 24, 2020 journal entry granting Max, Inc. default judgment against Mughal, Prakash, Inc. remained as the sole defendant. The journal entry did not contain Civ.R. 54(B) language. Consequently, the default judgment ruling was not immediately appealable. *See* R.C. 2505.02(B)(1); *Settlers Bank v. Burton*, 4th Dist. Washington Nos. 11CA10, 11CA12, and 11CA14, 2012-Ohio-2418, ¶ 14 (finding no final appealable order when the trial court granted default judgment against one defendant, claims against four other defendants remained pending, and the order did not contain Civ.R. 54(B) language). However, once Max, Inc. dismissed Prakash, Inc. on May 14, 2021, the court's journal entry granting default judgment became final and appealable. *See Denham v. New Carlisle*, 86 Ohio St.3d 594, 597, 716 N.E.2d 184 (1999) (finding an interlocutory summary judgment order appealable once the remaining defendants were dismissed pursuant to Civ.R. 41(A)). Nonetheless, on May 14, Max, Inc. filed its motion for summary judgment, which was denied on July 1, 2021.

{¶ 20} Max, Inc. could have raised the same "error" it claimed in its Civ.R. 60(B) motion in a direct appeal of the trial court's grant of default judgment. But, Max, Inc. did not file a notice of appeal until October 29, 2021, when it sought to appeal the denial of its "motion for reconsideration and to correct judgment." Therefore, we find that Max, Inc. improperly attempted to use a Civ.R. 60(B) motion as a substitute for a direct appeal. Accordingly, we find no error in the trial court's denial of its motion.

{¶ 21} Max, Inc.'s second assignment of error is overruled.

**{¶ 22}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR