[Cite as *State v. Thompson*, 2024-Ohio-5011.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 23AP-680 |
| | | (C.P.C. No. 13CR-4470) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Christopher F. Thompson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 17, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Darren M. Burgess*, for appellee.

**On brief:** *Christopher F. Thompson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Christopher F. Thompson, appeals a judgment of the Franklin County Court of Common Pleas denying his motion for nunc pro tunc judgment entry. For the following reasons, we affirm that judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The facts and procedural history of this case are outlined in our decision affirming Thompson's conviction and sentence. *State v. Thompson*, 10th Dist. No. 14AP-488, 2015-Ohio-655. On June 19, 2019, Thompson filed a motion for resentencing, which the trial court treated as a motion for postconviction relief pursuant to R.C. 2953.21. The trial court denied that motion by an entry filed on July 31, 2019. On September 2, 2022, Thompson filed a motion for a nunc pro tunc judgment entry. On March 28, 2023,

Thompson filed a motion to proceed to judgment, which requested that the trial court rule on his motion for a nunc pro tunc judgment entry.

{¶ 3} In a judgment entry dated April 4, 2023, the trial court denied Thompson's motion for nunc pro tunc judgment entry. Thompson filed a belated notice of appeal on November 9, 2023, and this court granted Thompson's request to proceed with a delayed appeal. We now reach the merits of the appeal.

## II. ASSIGNMENT OF ERROR

{¶ 4} Appellant assigns the following as trial court error:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING A NUNC PRO TUNC ENTRY.

(Emphasis sic.)

## III. STANDARD OF REVIEW

{¶ 5} Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record arising from oversight or omission, may be corrected by the [trial] court at any time." Thus, Crim.R. 36 permits a trial court, in its discretion, to correct clerical mistakes in judgments or orders arising from oversight or omission using a nunc pro tunc entry. *State v. Thompson*, 6th Dist. No. L-23-1161, 2024-Ohio-991, ¶ 13. Because the correction of clerical mistakes is discretionary, appellate courts review a decision granting or denying a motion for a nunc pro tunc entry for an abuse of discretion. *Id.*; *State v. Mitchell*, 11th Dist. No. 2019-P-0105, 2020-Ohio-3417, ¶ 83.

{¶ 6} The applicability of res judicata is a question of law that we review de novo. *State v. Braden*, 10th Dist. No. 17AP-321, 2018-Ohio-1807, ¶ 10. "[I]n criminal cases res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal 'if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Anderson*, 10th Dist. No. 15AP-897, 2016-Ohio-1089, ¶ 7, quoting *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. *See State v. Castile*, 10th Dist. No. 23AP-155, 2023-Ohio-2860, ¶ 10.

## IV. LEGAL ANALYSIS

{¶ 7} In a criminal case, a trial court lacks the authority to reconsider its own valid, final judgment, with two exceptions: (1) when the sentence imposed is void, and (2) when

the judgment contains a clerical mistake. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 14. A clerical mistake is "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." (Quotations and citations omitted.) *Id.* at ¶ 15.

{¶ 8} In the judgment convicting and sentencing Thompson, the trial court stated that a prison term was "**mandatory pursuant to R.C. 2929.13(F) as to all Counts and their Specifications**." (Emphasis sic.) (Mar. 20, 2014 Jgmt. Entry at 2.) In his motion for a nunc pro tunc entry, Thompson argued that the trial court should alter this judgment to reflect that his sentence was non-mandatory based on comments the trial judge allegedly made during the sentencing hearing. We conclude that the trial court did not abuse its discretion in refusing to modify the judgment. Determination of whether R.C. 2929.13(F) applied to Thompson's offenses is a substantive legal decision. The trial court's finding that a prison term was mandatory under R.C. 2929.13(F) is not the type of clerical mistake that a trial court can correct through a nunc pro tunc decision. Therefore, the trial court properly denied Thompson's motion.

{¶ 9} "Under that doctrine [of res judicata] 'a defendant cannot raise an issue in a postconviction petition if he or she *raised or could have raised* the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' " (Emphasis sic.) *State v. Hough*, 10th Dist. No. 21AP-39, 2021-Ohio-2852, ¶ 10, quoting *Jackson* at ¶ 92, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996); *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 19 ("Stated differently, in criminal cases res judicata may preclude issues, arguments, or positions that could have been (even if they were not actually) litigated."). It also bars an attempt to relitigate the question whether an offender's sentence complies with mandatory statutory provisions. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, ¶ 10-12 (res judicata barred a renewed claim that a sentence imposed for an allied offense of similar import is void).

{¶ 10} Thompson could have argued in his direct appeal that the trial court erred in finding that a prison term was mandatory under R.C. 2929.13(F). Because he did not raise that argument, he is barred by res judicata from advancing it now. For the two reasons set forth, we overrule Thompson's sole assignment of error.

## V. CONCLUSION

{¶ 11} Based upon the foregoing, this court overrules Thompson's sole assignment of error and affirms the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

_____