[Cite as *State v. Wells*, 2025-Ohio-839.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

    v.                          :

ELLORD WELLS,                           :

    Defendant-Appellant.        :

No. 114195

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 13, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-568017-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony T. Miranda, Assistant Prosecuting
Attorney, *for appellee*.

Ellord Wells, *pro se*.

LISA B. FORBES, P.J.:

{¶ 1} Pro se appellant, Ellord Wells, appeals from a decision of the trial court denying his request for a nunc pro tunc order reflecting a 2015 resentencing hearing that was held in his criminal case. For the reasons that follow, we affirm the trial court's denial.

## I. Facts and Procedural History

{¶ 2} In January 2012, Wells pleaded guilty in Cuyahoga C.P. No. CR-11-554092-A to breaking and entering in violation of R.C. 2911.13, a fifth-degree felony, and resisting arrest in violation of R.C. 2921.33, a second-degree misdemeanor. The court accepted Wells's guilty pleas and sentenced him to a year of community-control supervision.

{¶ 3} In January 2013, Wells was indicted for rape in violation of R.C. 2907.02(A), a first-degree felony. The indictment alleged that Wells committed the offense on April 15, 2012, during which time he was actively serving community-control sanctions in CR-11-554092-A. On June 6, 2013, Wells pleaded guilty to the rape charge and at a sentencing hearing held on July 1, 2013, the trial court sentenced Wells to 11 years in prison for the offense. The court additionally found Wells to have violated the terms of his community-control sanctions in CR-11-554092-A by engaging in further criminal activity while on community control. The court terminated community control and sentenced Wells to a one-year prison term for the violation. The trial court then ordered the 11-year and 1-year prison terms to be served consecutively for an aggregate 12-year prison term. The court also imposed a mandatory term of five years of postrelease control under the supervision of the Adult Parole Authority. The court's sentencing entry memorialized these sanctions and also noted that Wells had been advised of his duty to report as a Tier III sex offender under Ohio's Adam Walsh Act.

{¶ 4} Wells directly appealed his sentence to this court arguing, among other things, that his sentence was contrary to law and an abuse of discretion. *See State v. Wells*, 2014-Ohio-3032 (8th Dist.). On direct appeal, the court affirmed the trial court's imposition of the individual prison terms on the rape and community-control violations, but found that the trial court's imposition of consecutive sentences was contrary to law because the trial court had failed to make the necessary findings for imposing consecutive sentences under R.C. 2929.14(C)(4). The court remanded the case to the trial court to either make the necessary findings for imposing consecutive sentences or to order those sentences be served concurrently. The trial court held a resentencing hearing on January 13, 2015. In a sentencing entry reflecting that hearing, the trial court articulated that Wells was to serve an 11-year sentence for the rape conviction and that this sentence was to be served consecutively to the one-year sentence imposed on the community-control violation in CR-11-554092-A. The trial court additionally articulated the required findings for imposing consecutive sentences, stated that Wells had been advised of his duty to report as a Tier III sex offender, and stated that Wells was required to serve a five-year term of mandatory postrelease-control supervision following his release from prison.

{¶ 5} Wells served his prison terms and was released from prison on December 15, 2023. On June 24, 2024, Wells filed a motion in the trial court requesting that the court "correct the 1/13/2015 resentencing journal entry" through a nunc pro tunc order that would reflect only what occurred at the January 13, 2015

resentencing hearing. In his motion, Wells argued that the trial court exceeded its jurisdiction at the January 13, 2015 resentencing hearing by imposing, anew, the 11-year and 1-year prison terms for the rape and community-control violations when those terms were neither vacated on appeal nor subject to this court's remand order. Wells argued that by reimposing these prison terms, what the trial court actually did was void the original 11-year and 1-year prison terms imposed at the January 2013 sentencing hearing and the corresponding five-year term of postrelease control, as well as the requirement that he report as a Tier III sex offender. Wells further argued that the 2015 resentencing entry improperly included postrelease control and Tier III sex-offender reporting, when those aspects of his sentence were not reimposed by the trial court at the resentencing hearing. Putting these arguments together, Wells ended his motion by requesting that the court issue a nunc pro tunc order that reflects the underlying consecutive prison terms but that does not include any reference to postrelease control or sex-offender reporting. Wells concluded that "[o]nce this illegally and erroneous added information is omitted from the entry the defendant is no longer legally obligated to the authority of the [Adult Parole Authority] and [Adam Walsh Act] in Ohio."

{¶ 6} The trial court denied Wells's motion for a nunc pro tunc order, and Wells now appeals to this court by raising the following single assignment of error:

> The trial court erred when it did not nunc pro tunc the resentencing entry.

## II. Analysis

{¶ 7} "'A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth.'" *Max, Inc. v. Mughal*, 2022-Ohio-3131, ¶ 9 (8th Dist.), quoting *Scaglione v. Saridakis*, 2009-Ohio-4702, ¶ 9 (8th Dist.). Such orders allow courts to correct the record to reflect what actually happened during a proceeding in instances where — either due to clerical mistake or some other oversight or omission — the proceeding was not recorded correctly on the court's journal. *Max Inc.* at ¶ 8. We review the denial of a request for a nunc pro tunc order for an abuse of discretion. *See id.* at ¶ 8. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35; *see also State v. Thompson*, 2024-Ohio-5011, ¶ 5 (10th Dist.) ("Because the correction of clerical mistakes is discretionary, appellate courts review a decision granting or denying a motion for a nunc pro tunc entry for an abuse of discretion."). Upon review of the record and the arguments before us, we can find no clerical mistake or omission in the resentencing entry at all, much less one that may have warranted correction by the trial court. Accordingly, we conclude that the trial court did not abuse its discretion in denying Wells's motion for a nunc pro tunc order.

{¶ 8} Wells's arguments are based on two foundational premises that this court would have to agree with in order to reverse the decision of the trial court and find that a nunc pro tunc order is required. The first premise is that the trial court exceeded its jurisdiction at the January 13, 2015 resentencing hearing by reimposing

the 11-year sentence on the rape conviction and 1-year sentence on the community-control violation. In support of this argument, Wells cites case law that stands for the proposition that a trial court may not resentence a defendant on aspects of their sentence that were not subject to an appellate court's remand order. *See, e.g., State v. Walker*, 2018-Ohio-2642, ¶ 19 (8th Dist.); *State v. Emanuel*, 2016-Ohio-3187, ¶ 19 (10th Dist.); *State v. Blevins*, 2012-Ohio-573, ¶ 6 (4th Dist.). The second premise is that, by exceeding its jurisdiction and reimposing these individual prison terms, the trial court somehow voided other aspects of Wells's sentence that were imposed at the original, January 2013 sentencing hearing. We are not persuaded by either premise.

{¶ 9} To begin, we are unable to review whether the trial court exceeded its jurisdiction at the January 13, 2015 resentencing hearing because Wells has not provided us with a transcript of that hearing. Pursuant to App.R. 9(B), an appellant has the duty to file the transcript, or any part of the transcript, that is necessary for evaluating the lower court's judgment on appeal. Where a necessary transcript or alternative record is not provided, an appellate court must presume regularity with regard to those proceedings. *State v. Williams*, 2011-Ohio-3267, ¶ 9 (8th Dist.). The trial court's resentencing entry is the only evidence we have before us on appeal documenting what occurred at the January 13, 2015 resentencing hearing. But nothing about the entry suggests to us that the trial court exceeded its jurisdiction.

{¶ 10} The resentencing entry reflects that the trial court made the necessary findings for imposing consecutive sentences — which was the subject of this court's

remand order. The entry also reflects the underlying 11-year and 1-year prison terms imposed on the rape and community-control violations. That these latter aspects of Wells's sentence were also included in the resentencing entry does not mean that they were *reimposed* by the court at resentencing, however. Rather, it is wholly in accord with Ohio law for the trial court to have included these terms in the resentencing entry as a reflection of the sentences that were previously imposed at a prior hearing. *See State v. Baker*, 2008-Ohio-3330, ¶ 17-19 (explaining that only one document of conviction, reflecting both the finding of guilt and sentence, can constitute a final appealable order); *see also State v. Cochran*, 2015-Ohio-1102, ¶ 21 (10th Dist.) ("It is perfectly permissible . . . for a trial court to issue a single entry memorializing the results of more than one sentencing."). The same is true for the trial court's inclusion of postrelease control and Tier III sex-offender reporting within the resentencing entry.

{¶ 11} Likewise, we are not persuaded by Wells's second premise that argues that his term of postrelease control and his obligation to report as a sex offender are rendered void by the trial court's resentencing. The trial court imposed postrelease control as part of the original July 1, 2013 sentencing hearing, and that aspect of Wells's sentence was not reversed on appeal. Accordingly, postrelease control remained a valid part of Wells's sentence and, as noted above, the trial court was within its right to include it in the resentencing entry. *See Baker* at ¶ 17-19. Moreover, the Ohio Supreme Court has made clear that a person's obligation to register and report as a sex offender does not arise by judicial determination but

rather arises by operation of law from the sex-offense conviction itself. *See State v. Schilling*, 2023-Ohio-3027, ¶ 24 ("Under the AWA, the trial court's only responsibility with regard to the classification is to give notice to the defendant at sentencing of the registration and reporting obligations specific to the defendant's classification under the law."). Accordingly, we find no abuse of discretion in the trial court's denial of Wells's request for a nunc pro tunc order. Wells's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR