[Cite as *State v. Mastrodonato*, 2018-Ohio-4004.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2018-01-002 |
| | : | O P I N I O N |
| - vs - | | 10/1/2018 |
| | : | |
| BRIAN MICHAEL MASTRODONATO, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-09-1440


Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Brian Mastrodonato, appeals a decision of the Butler County Court of Common Pleas denying his request for jail-time credit.

{¶ 2} Mastrodonato was sentenced to a prison term of 12 months after pleading guilty to violating a protection order. However, the trial court stayed the sentence and placed Mastrodonato on community control. Twice thereafter, Mastrodonato violated the terms of

his community control. Because of the first violation, the trial court continued the terms of community control with additional sanctions, including 30 days in jail. The second time Mastrodonato violated community control, the trial court revoked community control and sentenced Mastrodonato to 90 days in jail. Mastrodonato then requested 57 days of jail-time credit toward the 90-day sentence. The trial court denied Mastrodonato's request.

{¶ 3} Mastrodonato filed a motion in the trial court to stay execution of his sentence, which was denied. Mastrodonato also filed his appeal with this court. Mastrodonato raised one assignment of error for our consideration; the trial court committed error when it failed to award jail-time credit. However, since the filing of Mastrodonato's appeal, he has since served his jail sentence and the matter he raises on appeal is moot.

{¶ 4} Once an offender has served his sentence and has been released from prison, any error relating to the calculation of his jail-time credit is moot because there is no existing case or controversy to resolve. *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5. "When a convicted defendant in a criminal case has * * * completed the sentence for the offense, an appeal is moot unless evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Swain*, 4th Dist. Washington No. 13CA16, 2015-Ohio-1137, ¶ 8. As jail-time credit relates only to the *length* of a sentence and not the underlying conviction, no collateral disability results by applying the mootness doctrine to felony sentences. *State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523.

{¶ 5} Mastrodonato does not deny that he has been released from jail after serving his entire sentence. However, he claims that his appeal is not moot because he served an involuntary sentence once he moved the trial court to stay the execution of his sentence. In support of his argument, Mastrodonato cites *State v. Harris*, 109 Ohio App.3d 873 (5th Dist.1996). Therein, the court determined that the defendant had served an involuntary

sentence once he had moved for and was denied a stay of execution of his sentence. However, in *Harris*, the appellant had directly appealed his conviction and the appellate court found that there was insufficient evidence to sustain the conviction. *Harris* had also filed a stay in both the trial court and the appellate court, asking for the opportunity to appeal his conviction before having to serve the sentence.

{¶ 6} Unlike *Harris*, Mastrodonato was not appealing his conviction for violating the terms of his community control. Mastrodonato was not challenging his conviction at the time of his appeal, he was simply asking for an award of jail time credit towards a sentence he was already serving.

{¶ 7} Since *Harris* was released, the Ohio Supreme Court has spoken on the issue of involuntariness and voluntariness regarding completing a misdemeanor sentence. *City of Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673. Therein, the court determined that "the completion of a sentence is not voluntary and will not moot an appeal if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *Id.* at ¶ 26.

{¶ 8} Lewis had been convicted of obstructing official justice and was sentenced to a suspended term of three days in jail, inactive probation for six months, as well as a $100 fine and court costs, which he paid. Lewis then appealed his conviction in the appellate court. During the pendency of his appeal, Lewis' inactive probation expired. The Ohio Supreme Court determined that Lewis had involuntarily served his sentence because he never acquiesced in the judgment nor abandoned the right to appellate review, and that he had a substantial stake in the judgment of conviction so that there was subject matter for the appellate court to decide.

**{¶ 9}** Unlike *Lewis*, Mastrodonato never sought appellate review of his *conviction* and thus acquiesced in the trial court's judgment of conviction. Thus, Mastrodonato no longer has a substantial stake in the trial court's judgment of *conviction* and he solely challenges the length of his sentence on appeal. Once the sentence was fully served, however, there is no longer a matter for this court to decide.

**{¶ 10}** As there is no pending case or controversy before this court, Mastrodonato's sole assignment of error is moot, and accordingly, must be dismissed. App.R. 12(A)(1)(c); *State v. Stutler*, 12th Dist. Butler No. CA2014-06-133, 2015-Ohio-726, ¶ 8.

**{¶ 11}** Appeal dismissed.

RINGLAND, P.J., and M. POWELL, J., concur.