[Cite as *State v. Hanson*, 2020-Ohio-4780.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2019-08-081 |
| | | CA2019-08-085 |
| | : | |
| - vs - | | |
| | : | O P I N I O N |
| | | 10/5/2020 |
| MICHAEL G. HANSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19CR35288

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036 for appellee

Traci M. Carr, 998 East Ridge Drive, Suite H, Lebanon, Ohio 45036, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Michael G. Hanson, appeals from his conviction in the Warren County Court of Common Pleas after he pled guilty to single counts of possession of heroin and aggravated possession of drugs. For the reasons outlined below, we dismiss this appeal as moot.

{¶ 2} On May 21, 2019, Hanson pled guilty to single counts of possession of heroin

and aggravated possession of drugs, both fifth-degree felonies. Approximately three weeks later, on July 10, 2019, the trial court held a sentencing hearing and sentenced Hanson to a three-year community control term. The conditions of Hanson's community control required him to serve 180 days in jail. In setting this condition, the trial court denied Hanson's request that it apply the 117 days of jail-time credit Hanson had accumulated since his arrest to that 180-day jail term. The trial court instead made an oral pronouncement that those 117 days would apply "towards the overall [18-month prison] sentence" it had reserved for Hanson if he was found to have violated the conditions of his community control.

{¶ 3} Following Hanson's release from jail, Hanson pled guilty to violating the conditions of his community control on two separate occasions: once on January 7, 2020 and again on March 3, 2020. Upon Hanson's second community control violation, which was based on Hanson's admitted use of methamphetamines, amphetamines, MDMA, and THC, the trial court revoked Hanson's community control. The trial court then sentenced Hanson to serve the 18-month prison term it had reserved for him if he was found to have violated the conditions of his community control. Hanson's 18-month prison term included 344 days of jail-time credit. Hanson has since completed his 18-month prison sentence and been released on postrelease control.[1]

{¶ 4} Hanson now appeals from his conviction, raising the following two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW WHEN

---

1. The Ohio Department of Rehabilitation and Correction Offender Search website indicates Hanson's prison term expired on July 30, 2020 with an actual release date of August 28, 2020. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A775173 (accessed Sept. 24, 2020).

IT SENTENCED APPELLANT TO A PERIOD OF COMMUNITY CONTROL AND FAILED TO AWARD HIM JAIL TIME CREDIT FOR TIME SERVED IN ACCORDANCE WITH OHIO REVISED CODE SECTIONS §§ 2949.08 and 2967.191.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED WHEN ITS SENTENCE EXCEEDED THE STATUTORY TIME LIMITS SET FORTH IN OHIO REVISED CODE SECTIONS §§ 2929.16 PERTAINING TO COMMUNITY RESIDENTIAL SANCTIONS FOR FELONIES.

{¶ 9} In his two assignments of error, Hanson argues the trial court erred by failing to properly allocate 117 days of jail-time credit to the 180-day jail term imposed by the trial court as a condition of his community control. However, as noted above, Hanson is no longer incarcerated. This is confirmed by the records from the Ohio Department of Rehabilitation and Correction. Nor did Hanson ever move to stay execution of either his jail or prison sentence pending appeal. Under these circumstances, the Ohio Supreme Court has determined that any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy to resolve. *State ex rel. Compton v. Sutula*, 132 Ohio St.3d 35, 2012-Ohio-1653, ¶ 5, citing *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, ¶ 6; and *Crase v. Bradshaw*, 108 Ohio St.3d 212, 2006-Ohio-663, ¶ 5, ("appeal is moot because his sentence has now expired and he has been released from prison"); *see also State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 139 Ohio St.3d 433, 2014-Ohio-2348, ¶ 2 ("[b]ecause he has served his full term of incarceration, his action in mandamus seeking jail-time credit is moot").

{¶ 10} This court has also determined that issues regarding jail-time credit become moot once a defendant has completed his or her sentence. This is because there is "no relief that can be provided to the defendant on appeal even if the trial court had erred in the

calculation of jail-time credit." *State v. Whited*, 12th Dist. Butler No. CA2018-04-079, 2019-Ohio-18, ¶ 10; *see, e.g., State v. Tharp*, 12th Dist. Butler No. CA2018-07-135, 2019-Ohio-661, ¶ 6-9 (appeal challenging the trial court's decision awarding appellant zero days of jail-time credit moot where appellant had since completed his 90-day prison sentence); *State v. Burns*, 12th Dist. Clermont No. CA2018-03-015, 2018-Ohio-4657, ¶ 20 (assignment of error challenging the trial court's award of jail-time credit moot where appellant had since completed his nine-month prison sentence); *State v. Williams*, 12th Dist. Butler Nos. CA2018-01-012 and CA2018-01-013, 2018-Ohio-3989, ¶ 12 (assignment of error challenging a trial court's award of jail-time credit moot where appellant had since completed his 180-day prison sentence); *State v. Rhymer*, 12th Dist. Butler No. CA2018-01-014, 2018-Ohio-2669, ¶ 8-11 (appeal challenging trial court's award of jail-time credit rendered moot where appellant already served his 180-day prison term and was released from prison); *State v. Hiler*, 12th Dist. Butler No. CA2015-05-084, 2015-Ohio-5200, ¶ 20-21 (assignment of error challenging the trial court's award of jail-time credit moot where appellant had since completed her six-month prison sentence).

{¶ 11} In light of the foregoing, even assuming Hanson was correct in his assertions, because Hanson is no longer incarcerated, there is no relief this court can provide to Hanson on appeal.[2] In so holding, we note that "the issue of jail-time credit relates only to the length of the sentence and not the underlying conviction and, therefore, there is no collateral disability." *State v. McCormick*, 6th Dist. Wood Nos. WD-15-078 and WD-15-079,

---

2. We note that despite the trial court's oral pronouncement at Hanson's sentencing hearing that the 117 days of jail-time credit Hanson had accumulated since his arrest would apply only "towards the overall [18-month prison] sentence" it had reserved for Hanson if Hanson was found to have violated the conditions of his community control, the trial court's judgment entry of sentence ordering Hanson to serve 180 days in jail as a condition of his community control includes an additional order that Hanson "shall receive jail time credit in the amount of – 117 – day(s) as of this date." "It is well established that a court speaks only through its journal entries and not by oral pronouncement." *State v. Wati*, 12th Dist. Butler No. CA2019-02-033, 2019-Ohio-4827, ¶ 15, citing *State v. Halsey*, 12th Dist. Butler No. CA2014-10-211, 2015-Ohio-3405, ¶ 14.

2016-Ohio-8009, ¶ 9.  We also note that "the exception to the mootness doctrine, when a claim is capable of repetition, yet evades review, does not apply to claims for jail-time credit because there is no reasonable expectation an offender will be subject to the same action again."  *State v. Barnes*, 12th Dist. Warren No. CA2015-01-005, 2015-Ohio-3523, ¶ 8, citing *Murphy*, 2006-Ohio-6572 at ¶ 6; *State v. Mastrodonato*, 12th Dist. Butler No. CA2018-01-002, 2018-Ohio-4004, ¶ 9 ("[o]nce the sentence was fully served * * * there is no longer a matter for this court to decide").  The fact that Hanson has since been placed on postrelease control "does not prevent application of the mootness doctrine, as any jail-time credit the defendant was entitled to receive for the underlying offense would not reduce the length of the prison term that could be imposed for a violation of postrelease control."  *Whited*, 2019-Ohio-18 at ¶ 10, citing *Burns*, 2018-Ohio-4657 at ¶ 22.  Therefore, because there is no longer an existing case or controversy for this court to resolve on appeal, Hanson's two assignments of error are dismissed as moot.

{¶ 12} There being no case or controversy to resolve, this appeal is accordingly dismissed.

M. POWELL, P.J., and PIPER, J., concur.