[Cite as *State v. Vera-Lopez*, 2024-Ohio-4971.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

NELSON VERA-LOPEZ,

        Defendant-Appellant.

CASE NO. 2024-A-0021

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 00050

## O P I N I O N

Decided: October 15, 2024
Judgment: Reversed and remanded

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Donald K. Pond, Jr.*, P.O. Box 0097, Uniontown, OH 44685 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Nelson Vera-Lopez, appeals the judgment of the Ashtabula County Court of Common Pleas, convicting him, after entering a plea of guilty, on one count of Possession of Heroin, a felony of the third degree, and Aggravated Possession of Drugs, a felony of the fifth degree. At issue is whether Vera-Lopez's plea was entered knowingly, intelligently, and voluntarily. We conclude the trial court did not err in advising Mr. Vera-Lopez of his constitutional and non-constitutional rights and thus his plea of guilty is valid. We, however, reverse and remand on separate grounds.

**{¶2}** Mr. Vera-Lopez was originally indicted on the following counts: Possession of Heroin, in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(6)(d), a felony of the second degree, with a forfeiture specification, pursuant to R.C. 2941.1417(A); Aggravated Possession of Drugs, in violation of R.C. 2925.11(A) and R.C. 2925.11(C)(1)(a), a felony of the fifth degree, with a forfeiture specification, pursuant to R.C. 2941.1417(A); and Possessing Criminal Tools, in violation of R.C. 2923.24(A) and R.C. 2923.24(C), a felony of the fifth degree.

**{¶3}** After plea negotiations, Mr. Vera-Lopez entered into a plea agreement, pleading guilty to an amended count of Possession of Heroin, a felony of the third degree, including the forfeiture specification, and Aggravated Possession of Drugs, a felony of the fifth degree, including the forfeiture specification.[1] The trial court accepted Mr. Vera-Lopez's guilty plea and dismissed the Possession of Criminal Tools charge.

**{¶4}** The trial court held a sentencing hearing and the parties jointly recommended community control sanctions to the court. On January 19, 2024, the trial court sentenced Mr. Vera-Lopez to five years of community control supervision, including an eight-month community residential sanction in the Ashtabula County Jail. On January 30, 2024, Mr. Vera-Lopez, via counsel, moved the court to modify the final entry on sentence. He maintained that the eight-month jail term imposed exceeded the maximum jail sentence of six months authorized by statute. *See* R.C. 2929.16(A)(2). The motion was unopposed and, on February 6, 2024, the trial court issued a nunc pro tunc

---

1. Both parties acknowledge Mr. Vera-Lopez pleaded guilty to an amended count of felony-three Possession of Heroin. The trial court accepted Mr. Vera-Lopez's plea to the amended felony-three count, and he was sentenced on that count during the sentencing hearing. The trial court's judgment entry on sentence, however, incorrectly reflects that Mr. Vera-Lopez entered a plea of guilty to Possession of Heroin, "a felony of the <u>fourth</u> degree[.]" (Emphasis sic.)

2

sentencing entry purporting to correct the error. The trial court subsequently ordered a six-month jail sentence consistent with R.C. 2929.16(A)(2), keeping intact the remaining aspects of the previously-imposed sentence. Mr. Vera-Lopez noticed the instant appeal on February 16, 2024 and assigns the following as error:

{¶5}    "The trial court erred by accepting the guilty plea of appellant [Vera-]Lopez. [Vera-]Lopez entered an unknowing, unintelligent, and involuntary plea."

{¶6}    Under his assigned error, Mr. Vera-Lopez argues the trial court failed to fully or substantially comply with Crim.R. 11 by not advising him at the plea hearing that community control supervision could include a potential six-month term of residential incarceration in jail. Mr. Vera-Lopez contends that the six-month term represents the maximum sentence he could receive during community control, and the trial court was consequently required to advise him of the potential term of incarceration. He therefore claims, by virtue of the trial court's omission, his plea was not knowingly, intelligently, and voluntarily entered.  We do not agree.

{¶7}    Initially, we must address a matter not advanced by either party on appeal. Specifically, the trial court's February 6, 2024 "nunc pro tunc" entry represented a substantive, albeit downward, modification of Mr. Vera-Lopez's sentence.

{¶8}    The "'purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action.'" *In re Tyler C.,* 2008-Ohio-2207, ¶ 72 (6th Dist.), quoting *McKay v.McKay*, 24 Ohio App.3d 74, 75 (11th Dist. 1985). The power to enter a judgment nunc pro tunc is restricted to placing upon the record evidence of judicial action which has actually been taken. *State ex rel. Mayer v. Henson,* 2002-Ohio-6323, ¶ 14. Moreover, a nunc pro tunc entry is inappropriate when it reflects a substantive change in the judgment.

3

Case No. 2024-A-0021

*State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100 (1996). Put differently, "a nunc pro tunc order shall not modify a court's judgment or render a decision on a matter when none was previously made." (Citation omitted.) *State v. Jama*, 2010-Ohio-4739, ¶ 14 (10th Dist.). When a court exceeds its power in entering a nunc pro tunc order, the resulting nunc pro tunc order is invalid. *National Life Ins. Co. v. Kohn*, 133 Ohio St. 111, 113-114 (1937).

{¶9} Here, trial counsel for Mr. Vera-Lopez filed a "motion to modify" his sentence because the maximum, statutory term allowed on a community residential sanction is six months. *See* R.C. 2929.16(A)(2). The trial court in this case clearly intended to impose an eight-month jail term. The downward modification to reflect the proper statutory jail term was an invalid modification via a nunc pro tunc entry.

{¶10} The trial court imposed a sentence not authorized by statute. This, however, did not affect the trial court's subject matter jurisdiction to impose sentence. *See State v. Honzu*, 2023-Ohio-2833, ¶ 28 (11th Dist.), quoting *State ex rel. Crangle v. Summit Cty. Common Pleas Court*, 2020-Ohio-4871, ¶ 10 ("An argument that the trial court imposed a sentence not authorized by statute 'challenges the exercise of jurisdiction and if true would render [Mr. Honzu's] sentence voidable, not void.'"). Normally, we would only consider issues that were raised on appeal. Nonetheless, we have discretion to sua sponte notice plain error. *See State v. Durr,* 2012-Ohio-4691, ¶ 26 (4th Dist.) (sua sponte recognizing plain error when trial court incorrectly stated that portion of offender's sentence was mandatory); *State v. Slagle,* 65 Ohio St.3d 597, 604 (1992) (observing that Crim.R. 52 "allows the appellate court, at the request of appellate counsel or sua

4

sponte*,* to consider a trial error that was not objected to when that error was a 'plain error'").

{¶11} For a reviewing court to find plain error (1) there must be an error, i.e*.,* "a deviation from a legal rule," (2) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings," and (3) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings. (Citations omitted.) *State v. Barnes*, 2002-Ohio-68, 27. The deviation from the legal rule relating to nunc pro tunc entries was an obvious defect. Moreover, the improper entry fundamentally affected the proceedings as the purported action resulted in an invalid entry. The trial court's erroneous use of a nunc pro tunc entry is therefore plain error.The trial court's exercise of its jurisdiction was contrary to law. The trial court lacked jurisdiction to modify its final judgment, i.e., a trial court's jurisdiction ends once the sentencing entry is final. *See State v. Carlisle*, 2011-Ohio-6553, ¶ 1 ("[A]bsent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment.") *see also State v. Gilbert*, 2014-Ohio-4562, ¶ 8, quoting *State v. Lester*, 2011-Ohio-5204, paragraph one of the syllabus. ("Crim.R. 32(C) lists the requirements for a valid final judgment in a criminal case. It provides that a judgment must set forth the fact of the conviction, the sentence, the judge's signature, and the time stamp indicating that the clerk entered the judgment in the journal. We have said that such a judgment is a 'final order subject to appeal under R.C. 2505.02.'")

{¶12} Even though Mr. Vera-Lopez has served his six-month jail term, the trial court must conduct a resentencing hearing because the nunc pro tunc entry was invalid. Post re-hearing, the trial court may also correct the clerical error in its original judgment

5

to accurately reflect that Mr. Vera-Lopez pleaded guilty to a felony-three, not a felony-four, count of Possession of Heroin.

{¶13} With this in mind, Mr. Vera-Lopez perfected his appeal of the original judgment on sentence within the 30-day window required by rule (the original final order was entered on January 19, 2024 and the notice of appeal was filed on February 16, 2024). We shall therefore address the merits of his argument relating to the entry of his plea.

{¶14} Pursuant to Crim.R. 11(C)(2)(c), the constitutional rights of which a defendant waives as the result of a guilty plea and must be informed are: (1) the right to a jury trial; (2) the right to confront witnesses against him; (3) compulsory process for obtaining witnesses in his favor; (4) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial; and (5) the right a defendant possesses not to be compelled to testify against himself. *State v. Veney*, 2008-Ohio-5200, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

{¶15} The non-constitutional rights of which a defendant must be informed are:

> (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing." *State v. Haudenschild*, 2024-Ohio-407, ¶ 33 (5th Dist.), citing Crim.R. 11(C)(2)(a). A court need only substantially comply with the non-constitutional notifications to satisfy Crim.R.11(C)(2)(a).

*State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

6

Case No. 2024-A-0021

{¶16} The Supreme Court has clarified this standard, requiring that three questions be answered: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *State v. Dangler*, 2020-Ohio-2765, ¶ 17.

{¶17} Given the language of Crim.R. 11(C)(2)(a), the advisements relate not to rights unto themselves, but to facts, statutory or otherwise, that a defendant will be subject, to the extent he or she knowingly, voluntarily, and intelligently understands these matters as they relate to his or her case.

{¶18} In this matter, there is no question that the trial court strictly complied with the constitutional components of Crim.R. 11. Mr. Vera-Lopez seizes on the trial court's failure to expressly notify him that a six-month jail term could be part of a community-control sanction. We conclude that Mr. Vera-Lopez's argument is an attempt to judicially engraft an additional notification into Crim.R. 11(C)(2)(a) that is not a substantive requirement.

{¶19} At the plea hearing, the trial court asked Mr. Vera-Lopez whether it was his understanding and intention to enter a guilty plea to Possession of Heroin, a third-degree felony with the forfeiture specification, and Aggravated Possession of Drugs, a fifth-degree felony with a forfeiture specification. Mr. Vera-Lopez stated the trial court's recitation reflected his understanding and intention. The trial court also advised Mr. Vera-Lopez that the third-degree felony is punishable by up to 36 months incarceration in a prison and the fifth-degree felony is punishable by up to 12 months incarceration in prison.

7

The trial court further advised Mr. Vera-Lopez it could sentence him consecutively for a maximum term of 48 months in prison. Mr. Vera-Lopez acknowledged these advisements and asserted it was his understanding and intention to enter the plea.

{¶20} Furthermore, after making the advisements, the trial court asked Mr. Vera-Lopez whether his attorneys discussed with him the possible penalties that it could impose. He acknowledged on record his attorneys did so. The trial court then asked one of Mr. Vera-Lopez's attorneys whether she was satisfied that he was entering the plea knowingly, intelligently, and voluntarily. His attorney answered in the affirmative.

{¶21} In addition to advising Mr. Vera-Lopez of the maximum penalty he could receive, the trial court informed him of the nature and extent of post-release control. During this aspect of the colloquy, the trial court stated post-release control would be relevant if the court elected to sentence Mr. Vera-Lopez to prison. Mr. Vera-Lopez stated that he understood the mechanics of post-release control and, in so doing, again acknowledged he could go to prison by entering the plea.

{¶22} The trial court recognized Mr. Vera-Lopez was eligible for community control sanctions. It also emphasized that, even though the state and defense had recommended community control, it was not bound by any sentencing recommendation. The court categorically stated that it is "free to impose whatever sentence [it] believe[d] to be appropriate up to the maximum sentence permitted by law."  Mr. Vera-Lopez stated he understood the court was not bound by any sentencing recommendation.

{¶23} During the plea colloquy, the trial court clearly and unequivocally advised Mr. Vera-Lopez of the maximum penalty.  The trial court also underscored it was not obligated to follow any sentencing recommendation, even if it was a joint

8

recommendation. We discern no error in the trial court's advisements during the plea colloquy. Indeed, the trial court not only complied with Crim.R. 11(C)(2)(a), it strictly complied with the rule.

**{¶24}** Simply because the trial court did not advise Mr. Vera-Lopez of the possibility of the community residential sanction of a jail term of six months does not imply it failed to advise him of the maximum penalty it could impose in light of the crimes to which he pleaded. The court met its burden during the plea colloquy. It was not required to explore every conceivable nuance of the statutory sentencing scheme to comply with Crim.R. 11(C)(2)(a) and its requirement that a defendant be informed of the maximum penalty involved. It did so.

**{¶25}** Appellant's assignment of error lacks merit.

**{¶26}** Because the trial court's sentencing entry improperly reflects the jail term Mr. Vera-Lopez could serve and the nunc pro tunc entry is invalid, the matter must be remanded to the trial court for re-sentencing to accurately depict the amount of jail-time Mr. Vera-Lopez could (and did) serve in this matter.

**{¶27}** The judgment of the Ashtabula County Court of Common Pleas is reversed and remanded.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

9

Case No. 2024-A-0021