[Cite as *State v. Richmond*, 2025-Ohio-1076.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Robert G. Montgomery, P.J. |
| Plaintiff - Appellee | : | | Hon. Kevin W. Popham, J. |
| | : | | Hon. David M. Gormley, J. |
| -vs- | : | | |
| | : | | |
| BRECK RICHMOND, | : | | Case No. 24CA000030 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County
Common Pleas Court, Case No. 21-
CR-388

JUDGMENT:      Remanded with instructions

DATE OF JUDGMENT:      March 27, 2025

APPEARANCES:

For Plaintiff-Appellant                  For Defendant-Appellee

TODD W. BARSTOW
14 North Park Place
Newark, OH 43055

*Montgomery, J.*

**{¶1}** Defendant-appellant, Breck Richmond ("appellant"), appeals from the judgment of the Guernsey County Court of Common Pleas sentencing him to a total of twenty-seven (27) months in prison. After appellant violated the terms of his community control, the trial court imposed the prior suspended sentence and ordered two consecutive terms with one concurrent term. This appeal concerns the imposition of consecutive sentences. For the reasons below, we remand to the trial court with instructions.

## STATEMENT OF RELEVANT FACTS

**{¶2}** On August 22, 2022, appellant pled guilty to three offenses – count one for trafficking in a fentanyl-related compound, a felony of the fourth degree, count two for aggravated possession of drugs, a felony in the fifth degree, and count three for permitting drug abuse, a felony in the fifth degree. At the original sentencing hearing in 2022, the trial court informed the appellant he could face consecutive prison terms for each offense (for a total of up to 45 months in prison). However, after significant colloquy at that hearing, the court decided to give appellant a chance to prove himself, remain employed, complete drug treatment, and remain drug free. The court reserved the imposition of any prison sentence(s) and instead, imposed a 3-year period of community control with specific terms. The court memorialized the hearing in a Judgment Entry dated October 24, 2022. Notably, the Entry did not make any specific findings related to consecutive prison terms.

**{¶3}** In 2023, appellant was transferred to basic supervision and had a significant relapse. The State ultimately filed a Motion to Revoke community control and impose the maximum consecutive sentences of 45 months. The Motion alleged appellant had a positive drug screen in February 2024, was caught talking on his cell phone about buying and using illegal narcotics, utilized a fake urine device to conceal drug use from the probation department, and in late June was again positive for methamphetamines.

**{¶4}** On September 16, 2024, the trial court held a revocation and sentencing hearing. In exchange for appellant's voluntary admission to violating his community control, the State agreed to not pursue any new charges. Both parties had the opportunity to argue for and against the imposition of consecutive sentences. Upon conclusion, the court revoked appellant's community control and imposed the following sentence: 17 months for count 1; 9 months for Count 2; and 10 months for Count 3. The court then ordered consecutive sentences as to counts 1 and 3, and concurrent for count 2, for a total sentence of 27 months imprisonment - with 233 days jail time credit.

> In imposing consecutive sentences, the trial court stated:
>
> I do find for Counts 1 and 3 consecutive sentences are necessary to punish the offender, protect the public from future crime, are not disproportionate to the seriousness of the conduct, and the harm so caused [so] great or unusual, a single term would not adequately reflect the seriousness of the conduct. That's as to Counts 1 and 3. So on Count 1, the trafficking in fentanyl-related compound, the Court finds the appropriate sentence there is 17 months, On Count 3, the sentence would be 10 months. And on Count 2, the aggravated possession of drugs, that's 9 months. Now, Count 2 will be served concurrent to Counts 1 and 3. 1 and 3 are served consecutive to one another. The total sentence therefore, is 27 months of imprisonment.
>
> (T. 9/16/24, pp. 26-27).

**{¶5}** The Court also discussed the prior imposition of community control instead of prison, appellant's violation of those terms, his recent spiral related to drugs and drug activity, his deception with the probation department, the now greater likelihood of recidivism, and the fact that the trafficking in a fentanyl-related compound took place in the vicinity of a six-month-old child.

**{¶6}** That same day, the trial court issued its Judgment Entry revoking community control and imposing prison terms. That Judgment Entry is completely silent regarding the factors supporting consecutive sentences. It simply provides that "the sentences in Count One and Count Three are to be served consecutive to one another, and CONCURRENT to [appellant's] sentence imposed in Count Two, for a total aggregate prison term of TWENTY-SEVEN (27) months in this matter." See Judgment Entry, September 16, 2024. Appellant timely filed an appeal. Appellant asserts the following sole assignment of error:

**{¶7}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

## STANDARD OF REVIEW AND ANALYSIS

**{¶8}** The appropriate standard of review on appeals challenging a sentence is set forth in R.C. 2953.08(G)(2). *State v. Bonnell,* 2014-0hio-3177, ¶ 9. Pursuant thereto, an appellate court may vacate a sentence and/or remand a matter to the trial court when a sentence does not comport with sentencing statutes, or when the sentence is otherwise contrary to law. R.C. 2953.08(G)(2) provides as follows:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)   That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b)   That the sentence is otherwise contrary to law.

**{¶9}**   In turn, R.C. 2929.14(C)(4) mandates specific findings a trial court must make on the record when imposing any consecutive sentence.  Here, appellant argues that although the trial court made the findings on the record at the sentencing hearing, because it failed to incorporate any such findings into the resulting judgment entry, the sentence must be vacated or remanded.

**{¶10}**  R.C. 2929.14(C)(4) expressly provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds **any** of the following:

(a)    The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)    At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶11}** Thus, before a trial court may impose consecutive sentences, it must make three findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the three specific findings set forth in (a)-(c) apply.  *State v. Carmel,* 2014-Ohio-1209, ¶ 6 (9th Dist.).

**{¶12}** Appellant cites *State v. Bonnell* to support its proposition that appellant's sentence does not comply with Ohio's sentencing statutes*. State v. Bonnell*, 2014-Ohio-3177, ¶ 9. In *Bonnell,* the Ohio Supreme Court determined that when imposing consecutive sentences, "a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel." *Bonnell*, ¶ 29; Crim.R. 32(A)(4). And because a court speaks through its journal entries, "the court should also incorporate its statutory findings into the sentencing entry." *Bonnell,* ¶ 29, citing *State v. Brooke,* 2007-Ohio-1533, ¶ 47 (stating that a court speaks through its journal entries). Importantly, the court does not need to state reasons for the findings, the findings alone are sufficient.

**{¶13}** A word-for-word recitation of the language of the statute is not required. *Bonnell*, ¶¶ 29-30. If the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record supports the findings, then consecutive sentences should be upheld. *Id.* Thus, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a "nunc pro tunc" entry to reflect what in fact occurred in open court. *Id.*

**{¶14}** The very purpose of a "nunc pro tunc" entry is to memorialize judicial action previously taken but unintentionally omitted from the written entry. *Bonnell,* ¶ 30. It is a simple device by which a court may make its journal speak the truth. *State v. Boler,* 2021-Ohio-4081, ¶ 9, citing *State ex rel. Fogle v. Steiner,* 74 Ohio St.3d 158, 163-164, 656 N.E.2d 1288 (1995); see also Crim. R. 36 ("Clerical mistakes in judgments, orders, or

other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time). Thus, "nunc pro tunc" entries are limited in proper use to reflecting what the court in fact decided, not what it might or should have decided or even what the court intended to decide. *Fogle,* 74 Ohio St.3d at 164.

**{¶15}** Importantly, a sentencing entry that is corrected by a "nunc pro tunc" entry does not extend the time for filing an appeal from the original judgment of conviction and does not create a new final, appealable order. *Bonnell*, ¶ 31, citing *State v. Lester,* 2011-Ohio-5204 ¶ 20 (a "nunc pro tunc" judgment entry issued for the sole purpose of correcting a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken). Moreover, a defendant does not have the right to be present when a "nunc pro tunc" sentencing entry is issued when the entry does not change the defendant's sentence but merely reflects the original sentence. *State v. Spears,* 2010-Ohio-2229, ¶ 12 (8th Dist.).

**{¶16}** Here, the September 16, 2024, transcript from the community control revocation and sentencing hearing reveals the trial court engaged in the correct analysis, made the necessary findings to impose consecutive sentences for counts 1 and 3, and that the record supports the findings made. The court stated that consecutive sentences are necessary (1) to punish the offender, (2) to protect the public from future crime, (3) are not disproportionate to the seriousness of the conduct, and (4) that the harm was so great or unusual, a single term would not adequately reflect the seriousness of the conduct.

**{¶17}** These findings are supported by the facts that appellant was initially given community control, appellant failed to comply with the terms for the three-year period,

appellant began using and engaging in drug related activity again, he was now more likely to reoffend (because he did reoffend), and the original trafficking and possession charges occurred within the vicinity of a 6-month-old baby. Thus, the statutory requirements for the imposition of consecutive sentences were met during the sentencing hearing such that *the sentence is not contrary to law*. *Bonnell*, ¶¶ 29-30. Indeed, the trial court was both thoughtful and thorough in its commentary at both sentencing hearings.

**{¶18}** However, because the trial court did not include any of the R.C. 2929.14(C)(4) factors into its corresponding sentencing entry, we must remand the matter for the limited purpose of correcting that Entry. Because a court speaks through its journal entries, the better practice mandates that the trial court incorporate its statutory findings from the sentencing hearing into its Judgment Entry - to memorialize what already took place. Therefore, we remand the matter to the trial court with instructions to issue a "nunc pro tunc" entry specifically incorporating the R.C. 2929.14(C)(4) findings previously made at the September 16, 2024, hearing.

## CONCLUSION

**{¶19}** Based upon the foregoing, appellant's sole assignment of error is sustained for the limited purpose of remanding the matter to the Guernsey County Court of Common Pleas with instructions, as set forth above.

By: Montgomery, J.

Popham, P.J. and

Gormley, J. concur.