[Cite as *State v. Vera-Lopez*, 2025-Ohio-2301.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff-Appellee,<br><br>- vs -<br><br>NELSON VERA-LOPEZ,<br><br>    Defendant-Appellant. | CASE NO. 2024-A-0104<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2023 CR 00050 |

## OPINION AND JUDGMENT ENTRY

Decided: June 30, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Kendra N. Davitt*, Flowers & Grube, 50 Public Square, Terminal Tower, 40th Floor, Cleveland, OH 44113 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Nelson Vera-Lopez, appeals the final judgment issued by the Ashtabula County Court of Common Pleas resentencing him to five years of community control which included six months' jail time. This court had previously reversed the trial court's sentence in *State v. Vera-Lopez*, 2024-Ohio-4971 (11th Dist.), because the original sentencing entry improperly reflected the jail term Vera-Lopez could serve and the trial court's subsequent nunc pro tunc entry was invalid. *Id.* at ¶ 26. Vera-Lopez now challenges specific features of the resentencing entry. We affirm.

{¶2} Vera-Lopez was originally indicted on the following counts: possession of heroin, in violation of R.C. 2925.11(A) and (C)(6)(d), a felony of the second degree, with a forfeiture specification pursuant to R.C. 2941.1417(A); aggravated possession of drugs, in violation of R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree, with a forfeiture specification pursuant to R.C. 2941.1417(A); and possessing criminal tools, in violation of R.C. 2923.24(A) and (C), a felony of the fifth degree.

{¶3} After plea negotiations, Vera-Lopez entered into a plea agreement, pleading guilty to an amended count of possession of heroin, a felony of the third degree, including the forfeiture specification, and aggravated possession of drugs, a felony of the fifth degree, including the forfeiture specification. The trial court accepted Vera-Lopez's guilty plea and dismissed the possession of criminal tools charge.

{¶4} The trial court held a sentencing hearing, and the parties jointly recommended community control sanctions to the court. On January 19, 2024, the trial court sentenced Vera-Lopez to five years of community control supervision, including an eight-month community residential sanction in the Ashtabula County Jail.

{¶5} On January 30, 2024, Vera-Lopez, via counsel, moved the court to modify the final entry on sentence. He maintained that the eight-month jail term imposed by the trial court exceeded the maximum jail sentence of six months authorized by statute. *See* R.C. 2929.16(A)(2). The motion was unopposed and, on February 6, 2024, the trial court issued a nunc pro tunc sentencing entry purporting to correct the error. The trial court subsequently ordered a six-month jail sentence consistent with R.C. 2929.16(A)(2), keeping intact the remaining aspects of the previously imposed sentence. Vera-Lopez appealed to this court.

**{¶6}** In *Vera-Lopez*, 2024-Ohio-4971, this court determined Vera-Lopez's guilty plea was valid. *Id.* at ¶ 17-25. Because, however, the trial court substantively reconsidered its own final judgment via a nunc pro tunc entry, this court reversed and remanded the matter for resentencing to correct the error. *Id.* at ¶ 11-12. This court additionally advised the trial court to correct a clerical error in its judgment which inaccurately stated Vera-Lopez pleaded guilty to a possession of heroin, a felony of the *fourth* degree. *Id.* at ¶ 12. The record reflects Vera-Lopez was convicted of possession of heroin, a felony of the *third* degree. *Id.* at ¶ 3.

**{¶7}** On remand, the trial court held a resentencing hearing and imposed the same sentence; and, during sentencing, the court expressly determined that "Count 1 is referenced as a third degree felony and not a fourth degree felony. That satisfies the concerns from the Court of Appeals. . . ." The trial court, however, did not correct the original clerical error in its re-issued judgment. The judgment on resentencing in the current appeal still reflects that Vera-Lopez pleaded guilty to felony-four possession of heroin rather than felony-three possession of heroin. This point notwithstanding, Vera-Lopez appeals the judgment challenging the trial court's failure to specifically calculate jail-time credit as well as an alleged ambiguity in the order. He assigns two errors for this court's consideration. The first provides:

**{¶8}** "The trial court failed to notify Vera-Lopez of the number of days he was confined for the offense and failed to include it in the sentencing entry."

**{¶9}** Under this assignment of error, Vera-Lopez does not directly challenge the sentence imposed; indeed, the trial court properly imposed the same sentence as it did in its invalid nunc pro tunc entry at the recommendation of both parties.

Case No. 2024-A-0104

**{¶10}** Instead, Vera-Lopez argues the trial court erred in failing to expressly determine the precise number of days he was confined for purposes of jail-time credit. Although Vera-Lopez acknowledges that "it is possible that [he] was not confined for more than the 180-day-period imposed[,]" he maintains that this omission is error because "should he violate the terms of his community control sanction, he will be entitled to credit for all the time he was confined in the case." While Vera-Lopez's hypothetical argument makes sense, it is unavailing for several reasons.

**{¶11}** Initially, it is undisputed that Vera-Lopez has served the six-month jail term. "[T]his court and others have generally held that once a defendant has served his or her sentence and has been released from confinement, any error related to the calculation of jail-time credit is moot." *State v. Troyer*, 2019-Ohio-4929, ¶ 19 (11th Dist.), citing *State v. Field*, 2016-Ohio-5885, ¶ 4 (11th Dist.); *State v. Eleyet*, 2018-Ohio-4879, ¶ 3 (2d Dist.); *State v. Swain*, 2015-Ohio-1137, ¶ 9 (4th Dist.); *State v. Lucas*, 2018-Ohio-3227, ¶ 9 (5th Dist.); *State v. Feagin*, 2013-Ohio-1837, ¶ 4 (6th Dist.); *Cleveland v. Pavlick*, 2008-Ohio-6164, ¶ 4 (8th Dist.); *State v. Mastrodonato*, 2018-Ohio-4004, ¶ 4 (12th Dist.).

**{¶12}** Moreover, "[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236 (1975), at syllabus. Under certain circumstances, seeking a stay of the execution of a sentence may be sufficient to overcome the mootness doctrine. *See*, *e.g.*, *Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 23 ("a *misdemeanant* who contests charges at trial and, after being convicted, seeks a stay of execution of

Case No. 2024-A-0104

sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal." (Emphasis added.)).

{¶13} Vera-Lopez is not a misdemeanant, he is a felon. And while we recognize that "an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal," *State v. Golston*, 71 Ohio St.3d 224, 225 (1994), Vera-Lopez is not contesting the merits of the court's finding of guilt. Also, there is no indication Vera-Lopez moved for a stay of execution of sentence in the trial court. Because he served his jail term, any failure to calculate jail-time credit is, at this time, moot.

{¶14} Further, we point out that no request was made to the trial court to calculate any additional time served in the county jail. "If a defendant fails to file a motion for jail-time credit or object to a trial court's failure to include jail-time credit in any of the sentencing judgments, the defendant [forfeits] all but plain error on appeal." *State v. Schoenstein*, 2022-Ohio-4446, ¶ 11 (12th Dist.). Vera-Lopez does not argue plain error, but only that he might, conceivably, be entitled to some unknown period of jail-time credit. This possibility, without some foundation and further elucidation, is insufficient for this court to find plain error.

{¶15} Finally, Vera-Lopez's position that, if he violates community control, he could be entitled to jail-time credit beyond the 180 days he recognizes he has served is not ripe for review.

{¶16} The Supreme Court of Ohio has observed:

Case No. 2024-A-0104

> "The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' . . . [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff."

*State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 1998-Ohio-366, ¶ 7, quoting Comment, *Mootness and Ripeness: The Postman Always Rings Twice*, 65 Colum. L.Rev. 867, 876 (1965).

{¶17} As noted above, Vera-Lopez's argument merely identifies a possible, hypothetical scenario where he violates community control, *and* the trial court imposes the underlying 36-month prison term for the felony-three conviction. Under those circumstances, which do not yet exist, a more precise calculation could be accomplished. This situation has not occurred and may never happen. In this respect, Vera-Lopez's argument is not ripe for analysis.

{¶18} Vera-Lopez's first assignment of error lacks merit.

{¶19} His second assignment of error provides:

{¶20} "The trial court sentenced Vera-Lopez to an improper term of community control."

{¶21} Vera-Lopez argues that the trial court's resentencing order is unclear because it does not indicate whether the five-year community control term encompasses the six-month jail sanction or whether the residential sanction was a separate sentence for only one of the counts. We do not agree.

Case No. 2024-A-0104

**{¶22}** Under R.C. 2929.16, a trial court is authorized to impose a sentence of up to six months of confinement in a county jail as part of a community control sanction. R.C. 2929.16(A)(2) specifically provides, in relevant part:

> [T]he court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section. . . . Community residential sanctions include, but are not limited to, . . . a term of up to six months in a jail. . . .

See also *State v. Jordan,* 2004-Ohio-2111, ¶ 14 (4th Dist.) (Noting that (1) authorized community control sanctions may include a term of up to six months in jail and (2) a jail sentence is not tantamount to, or part of, a subsequent, potential prison term); *see also White v. State*, 2009-Ohio-6828, ¶ 17 (8th Dist.) (time spent in "jail" is not the same as serving a "prison term"); *State v. Knight,* 2002-Ohio-4129, ¶ 3, 5-6 (12th Dist.).

**{¶23}** During the resentencing hearing the trial court explicitly stated:

> [T]his Defendant will be placed on community control. That in the event he does not successfully complete his community control *he will be subject to a thirty-six month* state prison sentence, the noticed prison sentence. He shall serve five years of community control under the supervision of the probation department. He has already served six months in jail in this matter, and he will be given credit for the six months of jail time that he has served in this matter. (Emphasis added.)

**{¶24}** The trial court possessed the authority to order Vera-Lopez to serve the six-month jail term as part of his community control. Additionally, the trial court's statement that, if he violates community control, he will be subject to a thirty-six-month term of imprisonment reflects its recognition that prison was not mandatory, but, if Vera-Lopez violates his community control, he would be sentenced to prison on the felony-three count to which he pleaded.

Case No. 2024-A-0104

**{¶25}** Read collectively, Vera-Lopez's argument makes little sense: He was given community control in lieu of prison; it makes little difference whether the court specified whether the jail term would be served pursuant to the felony-three or felony-five conviction because the jail term is not an aspect of any future prison term he might serve if he violates community control. The six-month jail term is *part of* the community control sanction, and the court warned Vera-Lopez that if he violates the conditions of his community control, he could be sentenced to prison for up to three years. We discern no problem with the trial court's order.

**{¶26}** Moreover, the trial court imposed the original sentence it purported to order during the invalid nunc pro tunc hearing. The court, on resentencing, imposed the same sentence at the recommendation of both parties; namely, a five-year community control period which included six months of jail time (which had been served). The State aptly observes that Vera-Lopez's request implicates the doctrine of invited error.

**{¶27}** "'The invited error doctrine precludes a litigant from taking advantage of an error that he himself invited or induced.'" *Cronin v. Cronin*, 2012-Ohio-5592, ¶ 34 (11th Dist.), quoting *Perko v. Perko*, 2003-Ohio-1877, ¶ 23 (11th Dist.). "A party who induces error in the trial court cannot take advantage of such error on appeal." (Citation omitted.) *State v. Watson*, 2025-Ohio-515, ¶ 40 (11th Dist.).

**{¶28}** Because Vera-Lopez requested the sentence he received, without any objection, any arguable error was invited. In this respect, Vera-Lopez's challenge is additionally without merit.

Case No. 2024-A-0104

{¶29}   Vera-Lopez's second assignment of error lacks merit.

{¶30}   The judgment of the trial court is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-A-0104

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error lack merit. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2024-A-0104