[Cite as *State v. Yoder*, 2026-Ohio-196.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25CA0022 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Coshocton County, |
| MARVIN L. YODER, | Case No. 23CR0074 |
| Defendant - Appellant | Judgment:  Affirmed |
| | Date of Judgment:  January 22, 2026 |

BEFORE: Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: Benjamin E. Hall, Coshocton County Prosecuting Attorney's Office, Coshocton, Ohio, for Plaintiff-Appellee; Marvin L. Yoder, Caldwell, Ohio, briefed the case on his own behalf as Defendant-Appellant.

*Gormley, J.*

**{¶1}** More than a year and a half after he was sentenced on a felony drug charge, appellant Marvin Yoder filed in the trial court a motion asking that court to "correct" the sentencing entry.  Because Yoder's motion in fact asked the trial court to substantively alter his sentence, his request for a corrected or "nunc pro tunc" sentencing entry was not a proper one.  We affirm the trial court's decision denying Yoder's motion.

**<u>The Key Facts</u>**

**{¶2}** Yoder pled guilty in the trial court to an aggravated-possession-of-drugs charge, and he was sentenced for that second-degree-felony offense in December 2023. As R.C. 2925.11(C)(1)(c) requires, Yoder was sentenced to a mandatory indefinite prison

term.  (The charge to which he pled guilty alleged that he had possessed at least five times the bulk amount of methamphetamine.)

{¶3}    In accordance with R.C. 2929.19(B)(2)(c)(i), the trial court at the December 2023 sentencing hearing advised Yoder about Ohio's so-called Reagan Tokes Law and explained to him the law's rebuttable presumption under which he — in the words of that statute — "will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence."  Yoder's sentencing entry also notes that the trial court advised him at the sentencing hearing that "he is not eligible for an earned early release date due to the sentence . . . being a mandatory sentence."

{¶4}    In August 2025, Yoder filed a motion asking the trial court to "correct" the sentencing entry.  According to Yoder's motion, the trial court should have advised him at sentencing that, while serving his prison term, he could be considered for what R.C. 2967.271(F)(1) describes as "a reduction" in his "minimum prison term . . . due to . . . [his] exceptional conduct while incarcerated."

{¶5}    Reiterating that Yoder is serving a mandatory prison term, the trial court denied Yoder's motion.  Yoder now appeals.

**Yoder's Motion Sought Not a Clerical Correction But Instead a Substantive Change in His Sentence**

{¶6}    Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record arising from oversight or omission, may be corrected by the court at any time."  A clerical mistake is "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment."  *State v. Miller*, 2010-Ohio-5705, ¶ 15.  Aside from making those kinds of changes, though, a trial court lacks

the authority to reconsider its own valid and final judgment, with one exception: when the sentence imposed is void. *Id*. at ¶ 14.

**{¶7}** Though Yoder labeled his motion as a request to "correct" the sentencing entry, the motion itself asked the trial court to find that he is eligible to be considered for a reduction in his minimum prison term if he engages in what R.C. 2967.271(F)(1) describes as "exceptional conduct while incarcerated." (The Ohio Department of Rehabilitation and Correction has in turn defined that term as "behavior which is unusually good and demonstrates a level of excellence not commonly displayed by an incarcerated adult," and various ways in which a prison inmate might "demonstrate exceptional conduct" are then listed in the same regulation. See Adm.Code 5120-2-19(B)(3).)

**{¶8}** Yoder's request that his sentence and the sentencing entry be changed in that way flies in the face of what the trial judge decided in December 2023: that — as the December 2023 entry said — Yoder "is not eligible" for the minimum-sentence reduction that he seeks. In short, his motion did not ask for a clerical-error correction but instead asked that the trial court shift from holding that a prison inmate serving a mandatory prison term is not eligible for any shortening of a court-imposed minimum prison term to Yoder's view that such a prisoner is in fact eligible for the kind of exceptional-conduct reduction in a minimum prison term that R.C. 2967.271(F)(1) describes.

**{¶9}** That kind of change would require the trial court to alter a legal decision made by the judge at sentencing, and it would go well beyond the leeway that Crim.R. 36 gives to courts to fix clerical mistakes. *See State v. Richmond*, 2025-Ohio-1076, ¶ 14 (5th Dist.) ("'nunc pro tunc' entries are limited in proper use to reflecting what the court in fact decided, not what it might or should have decided or even what the court intended to

decide"); *State v. Thompson*, 2024-Ohio-5011, ¶ 8 (10th Dist.) (holding that a "[d]etermination of whether R.C. 2929.13(F) applied to Thompson's offenses is a substantive legal decision," and explaining that a trial court's finding about the mandatory nature of a sentence "is not the type of clerical mistake that a trial court can correct through a nunc pro tunc decision"); *State v. Vera-Lopez*, 2024-Ohio-4971, ¶ 8 (11th Dist.) ("a nunc pro tunc entry is inappropriate when it reflects a substantive change in the judgment").

**{¶10}** Because Yoder's motion was not a proper one under Crim.R. 36, the trial court rightly denied it.

**{¶11}** The judgment of the Court of Common Pleas of Coshocton County is affirmed. Costs are to be paid by Appellant Marvin Yoder.

By: Gormley, J.;

Baldwin, P.J. and

Montgomery, J. concur.